UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-24236

JOSE A. GONZALEZ,

    Plaintiff,

vs.

TREMONT TOWING, INC. and
MANNY E. DIAZ, JR.,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, Jose A. Gonzalez, sues Defendants, Tremont Towing, Inc. and Manny E. Diaz, Jr., based as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Jose A. Gonzalez**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old and consents to participate in this lawsuit.

2.     **Defendant, Tremont Towing, Inc.**, is a for profit Florida corporation that is *sui juris* and has operated its business here, in Miami-Dade County, Florida, at all times material.

3.     **Defendant, Manny E. Diaz, Jr.**, was and is an owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

4.     Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

1

5. Both Defendants employed Plaintiff.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, as Plaintiff's claim for relief arises from a federal statute, namely the Fair Labor Standards Act of 1938 (as amended), 29 U.S.C. §203 et seq. (the "FLSA").

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because Defendants transact business in Miami-Dade County, maintain their office and principal place of business and/or live in Miami-Dade County, and also employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within Miami-Dade County.

### *Common Background Factual Allegations*

8. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

9. In particular, Defendants own an operate a towing company that utilizes tow trucks, machinery, automotive products, computers, computer networking equipment, monitors, materials and supplies that moved through interstate commerce while towing vehicles that have moved through interstate commerce from the lots of businesses that also engaged in interstate commerce.

10. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and routinely use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

11.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or more than $125,000 for each relevant annual fiscal quarter.

12.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

13.     In particular, Plaintiff as a tow truck driver for Defendants.

14.     Defendants agreed to pay Plaintiff at a (piece) rate of $22.00 for each time that that he connected a vehicle to the tow truck (per "hook up").

15.     Plaintiff regularly and routinely worked 5 shifts per week for Defendants during his employment, with each shift lasting 13 hours, such that he normally worked approximately 65 hours per week for Defendants.

16.     Plaintiff worked for Defendants from about August 2014 to September 7, 2018.

17.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

18.     Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

19.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

20. Defendants failed and refused to pay Plaintiff at lease a minimum wage of $7.25 per hour for each of the hours that he worked for Defendants during the three (3) years prior to the filing of this lawsuit.

21. Defendants at all times material knew of the minimum wage and recordkeeping requirements imposed by the FLSA as a result of their having been sued previously for violating the FLSA.

22. Defendants willfully and intentionally refused to pay Plaintiff at least a minimum wage per hour for each of the hours that he worked for Defendants during the relevant time period.

23. Defendants either recklessly failed to investigate whether their failure to timely pay Plaintiff at least a minimum wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wages he earned.

24. Plaintiff is entitled to a back pay award of minimum wages for all unpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Jose A. Gonzalez, demands the entry of a judgment in his favor and against Defendants, Tremont Towing, Inc. and Manny E. Diaz, Jr., jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the minimum provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

### **COUNT II – FLSA OVERTIME VIOLATION(S)**

Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

25. Plaintiff worked more than 40 hours per week hours for Defendants but did not receive overtime pay calculated at one and one-half times his regular rate of pay of at least the Florida minimum wage for the overtime hours he worked during the three (3) years prior to the filing of this lawsuit.

26. Defendants at all times material knew of the overtime and recordkeeping requirements imposed by the FLSA as a result of their having been sued previously for violating the FLSA.

27. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of one and one-half times his regular rate of pay for each of the overtime hours he worked during his last two weeks of work.

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for all overtime hours worked violated the Federal Wages Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the over time pay earned, and then failed to timely correct their violation after having known and been put in notice of same.

29. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Jose A. Gonzalez, demands the entry of a judgment in his favor and against Defendants, Tremont Towing, Inc. and Manny E. Diaz, Jr., jointly and severally, after trial by jury and as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

   b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

 e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

 f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

 g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 15th day of October, 2018.

        Respectfully Submitted,

        FAIRLAW FIRM
        *Counsel for Plaintiff*
        7300 N. Kendall Drive
        Suite 450
        Miami, FL 33156
        Tel: 305.230.4884
        Fax: 305.230.4844

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com